Citation Nr: 1607908 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 09-23 025 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss disability.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: Robert P. Walsh, Esquire


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. Adamson, Counsel

INTRODUCTION

The Veteran served on active duty from January 1967 to October 1971. This case comes before the Board of Veterans' Appeals (Board) on appeal of a March 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan. 

The Veteran provided testimony at a hearing at the RO before a Decision Review Officer in February 2010. A transcript of the hearing is of record.

The record before the Board consists of the Veteran's electronic records within Virtual VA and the Veterans Benefits Management System (VBMS).


REMAND

In a VA Form 9 received by the RO in November 2013, the Veteran, via his representative, requested a hearing before the Board at the RO (a Travel Board hearing). As this request had not been fulfilled, the Board remanded the case in July 2014 for such a hearing. In August 2014, the RO merely recertified the appeal to the Board without scheduling the Veteran for his requested hearing. The RO clearly failed to comply with the Board's prior remand. Noncompliance is error on the part of the originating agency. Moreover, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268 (1998). Since the Veteran has not withdrawn his request for a Travel Board hearing and inasmuch as Travel Board hearings are scheduled by the RO, this case must be remanded for that purpose.

Accordingly, the case is REMANDED to the RO for the following action:

The Veteran should be scheduled for a Travel Board hearing in accordance with the docket number of his appeal.

By this remand, the Board intimates no opinion as to any final outcome warranted.

No action is required of the Veteran until he is otherwise notified but he has the right to submit additional evidence and argument on the matters the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999). 



_________________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).